Powell and others *vs.* Kane and others.

The solicitor who draws, and the counsel who signs, a scandalous or impertinent pleading or proceeding, are personally liable for the costs of expunging the scandalous or impertinent matter, and ought to be charged therewith in the first instance, although their client is also liable to the adverse party for such costs. And if the solicitor or counsel is compelled to pay such costs, he has no legal or equitable claim upon his client to refund the amount thus paid.

It is competent for the court, upon the mere examination of an affidavit, or other paper, read before it on a motion to order scandalous or impertinent matter contained in such affidavit or paper to be expunged, without a reference to a master, and to charge the proper party with the costs.

A party who makes an affidavit to oppose a motion, is only authorized to state the facts; and it is scandalous and impertinent to draw inferences or state arguments in the affidavit, reflecting upon the character or impeaching the motives of the adverse party, or his solicitor.

THIS was an appeal, by the complainants, from an order of May 25. the vice chancellor of the first circuit, overruling exceptions to a master's report, on a reference of certain parts of the affidavits read by the complainants in opposition to a motion; which parts of the affidavits were alleged to be impertinent and scandalous. It appeared by the papers before the chancellor, upon the appeal, that the defendant, O. Kane, was made a party to a suit in which it became a question whether it was necessary for him to put in an answer to protect himself, or the estate which he represented, against future liability to others; the complainants' solicitor having agreed that the claim of his clients should not be enforced against Kane, or such estate. The bill having been taken as confessed against Kane, he and his counsel went to the office of the complainants' solicitor, for the purpose of making a definite arrangement on the subject. The complainants' solicitor having finally refused to waive the default, and Mr. Kane being advised by his counsel that an answer would be necessary to protect himself, or the estate he represented, from future liability, an application was made to the vice chancellor for leave to put in an answer; which motion was granted. At the

1835.

Powell
v.
Kane.

close of the argument, on that application, the counsel for G. Kane requested the vice chancellor to look into the affidavit of the complainants' solicitor, which had been read in opposition to the motion, and to order such parts thereof to be expunged as should appear to be scandalous and impertinent. Upon the decision of the motion, at a subsequent day, the vice chancellor stated that he had marked the parts of the affidavit which he deemed to be scandalous and impertinent, and should order the same to be expunged. But upon the suggestion of the complainants' counsel that he had not been heard on that subject, and that such matters ought to be referred to a master, the vice chancellor made an order that the affidavits should be referred to a master; with directions to look into them, and to report whether the parts thereof so marked by the vice chancellor, were impertinent, or scandalous, or both. The master reported that two of the passages in the affidavit, marked by the vice chancellor, were both impertinent and scandalous; that three others were impertinent, but not scandalous; and that the remaining passage thus marked was not impertinent, inasmuch as a part of that passage was pertinent and material. The vice chancellor, upon hearing of the parties, overruled the exceptions taken by the complainants to the report, and directed the impertinent matter to be expunged. He also ordered the complainants' solicitor, who had drawn and sworn to the impertinent affidavit, to pay the costs.

*Geo. Sullivan*, for the complainants.

*H. E. Davies*, for the defendant Kane.

THE CHANCELLOR. The question as to the propriety of charging the costs upon the solicitor personally, instead of charging them upon his clients, does not appear to be properly before me on this appeal. The appellants are benefitted instead of being aggrieved by that part of the order, and therefore have no right to complain; as the solicitor or counsel who is personally charged with the costs of impertinence, has no legal or equitable claim upon his client to refund the costs

thus paid. If the solicitor or counsel in such a case feels himself aggrieved by being personally charged with the costs, he must himself appeal from that part of the order. There is no possible doubt, however, as to the correctness of the order in this particular. It is the settled law of the court, that the solicitor who draws a scandalous or impertinent pleading, or proceeding, and the counsel who sanctions it with his name, are both personally liable to the adverse party, for the costs of expunging the scandalous or impertinent matter. And, as a general rule also, such costs should be charged upon them instead of their client, in the first instance; although the client is also liable therefor. (*See* 3 *Dow's Rep.* 279.)

The master had no authority to inquire as to the regularity or propriety of the vice chancellor's order. Neither was that subject properly before the vice chancellor at the time of making the order which is appealed from. If the order of the 14th of January, referring the marked passages of the affidavit, was erroneous, the complainants should have appealed therefrom. The reference was certainly an unnecessary and useless expense. But it was called for by the party who is charged with the costs, and he has no right to complain. It was undoubtedly competent for the court to decide upon the question of impertinence, and to order the impertinent matter to be expunged, upon the mere examination of the affidavits which were before it on the motion. The object of the reference, in such cases, is for the relief of the chancellor, or vice chancellor; and where the scandal or impertinence is perfectly obvious to the court, the better course is at once to direct the improper matter to be expunged, and to charge the proper parties with the costs which have been occasioned by such impertinence. The 53d rule was not intended to restrict the power of the court in this respect, but merely to change the practice pursued by the English court of chancery, of referring the whole pleading to the master, instead of pointing out the objectionable parts in the first instance. The course pursued in this case was a substantial compliance with the rule. And the master was right in treating the different passages marked in different parts of the affidavits as in the nature of distinct

1835.

Powell
v.
Kane.

or separate exceptions to those several passages, for the purpose of deciding the questions referred to him.

In regard to the merits of the case, it is clear that the vice chancellor was right in the first instance, in supposing that all the passages marked by him were either scandalous, or impertinent, or both. Even if there was any thing slightly pertinent in the last lines of the fourth passage, as marked by the master, it was so mixed up with the impertinent matter as to be incapable of separation; and therefore the whole should have been rejected. All that was necessary in resisting the application to open the default of the defendant, was to state the facts, in opposition to the affidavits of Kane and his counsel. The deponent had no right, in his affidavit, to swear to inferences and arguments; or to interpose his mere belief, for the purpose of inducing the court to draw the conclusion that Mr. Kane and his counsel had not truly stated the reasons for not putting in an answer before, or the motives of their application to him in the first instance. The order appealed from is not erroneous, and it must be affirmed, with costs.