The Camden and Amboy Railroad Company *v.* Stewart.

THE CAMDEN AND AMBOY RAILROAD COMPANY *vs.* STEWART.

1. In this state, exceptions may be filed to a *bill* for impertinence or scandal.

2. Where the defendant is in laches in not procuring the master's report, the proper remedy is by an order that he procure the report in a time stated, or that the exceptions be dismissed.

3. The rule to file exceptions and refer them to a master, is for the relief of the court. They may be heard directly by the Chancellor, at his option.

4. All matters not material to the suit, or if material, which are not in issue, or which, if both material and in issue, are set forth with great and unnecessary prolixity, constitute impertinence.

5. The English practice in regard to impertinence in pleadings, stated.

6. A bill in chancery, like a declaration at law, shou.d confine its statements to such facts as are proper to show that the complain·nt is entitled to relief, and which, if proved, will entitle him to relief; and should not set out the evidence, whether oral or written, by which the facts are to be proved.

7. The modern English rule is different, and requires all admissions or confessions of the defendant, relied on as evidence, to be set forth in the bill; and if they are not, excludes the complainant from offering them in evidence. Whether this rule applies to the courts of this state, not decided.

8. Recitals from a bill filed by the defendant in another suit, which might involve contradictions impairing his credibility as a witness, and which, if admitted by the answer, would have no tendency to establish the complainant's claim to the relief sought in his bill, are impertinent. So, also, are recitals of deeds at length, *in haec verba,* unless necessary for some special purpose appearing on the face of the pleadings.

9. A deposition taken in another suit between the same parties, and annexed to the bill by way of schedule, is incompetent, and therefore imper-

tinent, when it is not shown by competent evidence, that there was a suit pending in which it was taken, and no certified or sworn copy of the original is produced.

10. To entitle a defendant to the advantage of his answer under oath, under the act of March 6th, 1867, (*Nix. Dig.* 119, § 106,) the answer must have been in a suit pending at the time of the passage of the act, and in reference to the same claim.

This matter came up on a motion to overrule exceptions to the bill, which had been referred to a master. The application was made on two grounds : first, that exceptions could not be taken to a *bill* for impertinence, but the proper practice was to apply to the court to strike out the impertinent matter; secondly, that the defendant had been guilty of laches in not procuring the master's report, the reference having been made more than six months ago.

*Mr. J. P. Stockton,* in support of the motion.

*Mr. P. D. Vroom* and *Mr. J. Wilson,* contra.

THE CHANCELLOR.

The former practice of the English Court of Chancery was not to file exceptions to a bill for impertinence, but to apply to the court to strike out the impertinent parts. But this practice has been changed in this state, by express rule on the subject. The 58th rule, which has been adopted for many years, includes *bills* in the term pleadings, and if there was any doubt as to that, the 85th rule expressly names bills. The Court of Chancery in New York while in existence there, and the Supreme Court of the United States, by the rules in equity for the circuits, advisedly made the same change; and it must be held that in this state exceptions may be filed to a bill for impertinence or scandal.

The defendant is in laches in not procuring the master's report; but the proper remedy is by an order that he procure the report in a time stated, or that the exceptions be dismissed. Let an order be made that the master's report be filed in twenty days, or the exceptions be dismissed. But

the rule to file exceptions and refer them to a master, is for the relief of the court, and they may be heard at his option directly by the Chancellor. And in this case, if the parties so agree, the exceptions may be argued on the next rule day.

The exceptions, by agreement, were accordingly argued before the Chancellor upon their merits.

*Mr. P. D. Vroom* and *Mr. J. Wilson,* for exceptant.

*Mr. J. P. Stockton* and *Mr. E. T. Green,* for complainants, contra.

THE CHANCELLOR.

The exceptions to the bill in this case are five, and are set out in full and with precision.

The bill was for the specific performance of a contract alleged to have been made by the defendant, to convey a tract of land of nine acres, and to grant a right of way in front of his lands for the railroad of the complainants. The contract was contained in a receipt for the consideration, dated September 15th, 1832, annexed to a bill for the price, which was for " nine acres as per deed," and contained no other description of the land.

By the settled practice, exceptions will lie for impertinence in a bill, answer, or other pleading, and in interrogatories, depositions, or affidavits in any suit.

All matters not material to the suit, or if material, which are not in issue, or which, if both material and in issue, are set forth with great and unnecessary prolixity, constitute impertinence.

For more than a century the Court of Chancery in this state, by its rules and decisions, following the example of the English courts of equity, have endeavored to suppress the abuse of stuffing bills and other pleadings and proceedings, with matters immaterial to the controversy, and that cannot aid in the relief sought, and with deeds, records, and other

documents set forth at length, when a statement of the effect only is material. A colonial ordinance, by Governor Montgomery, in 1730, is very explicit and minute on this subject. This setting out documents in full is expressly prohibited by the 2d rule of this court, except in the rare cases, if any exist, in which the verbatim recital is necessary for the object in view. And great prolixity is of itself, impertinence.

By a late statute in England, and the orders in chancery upon the subject, mere impertinence cannot be excepted to or corrected in the progress of a suit, but the court must direct at the decree, that all costs occasioned by it shall be paid by the party in fault.

Before this change, it was the practice to except to pleadings, interrogatories, depositions, affidavits, and schedules, and to strike out the unnecessary and irrelevant matter, at the cost of the party in fault, or in some cases at the cost of the offending solicitor; and the courts have intimated that an examiner might be made to pay the costs occasioned by taking down the impertinent answers of a witness to interrogatories put by the examiner. 1 *Dan. Ch. Pr.* 356, 360; *Gresley's Eq. Ev.* 214, 229, 230; *Gompertz* v. *Best,* 1 *Y. & Coll. Ex.* 117; *Gude* v. *Mumford,* 2 *Y. & Coll. Ex.* 445; *Story's Eq. Pl.,* § 48 & 881 *a;* 1 *Barb. Ch. Pr.* 41 & 602; *Powell* v. *Kane,* 5 *Paige* 265.

A bill in chancery, like a declaration at law, should confine its statements to such facts as are proper to show that the complainant is entitled to relief, and which, if proved, will entitle him to relief, and should not set out the evidence, whether oral or written, by which the facts are to be proved. But one subject of relief to which a complainant in equity is always entitled, and which he generally seeks, is a discovery of such facts material to his relief, as are within the knowledge of the defendant. He is, therefore, entitled to set out such collateral facts and circumstances as would, if proved or admitted, support his case, or go to show that he is entitled to relief, for the very purpose of requiring an answer upon oath. Such statements would, without doubt, be im-

pertinent in a bill which requires an answer without oath, and has no interrogatories annexed relating to them, as they are only pertinent for the purpose of discovery.

The English courts have, of late years, established a new rule on this subject, by which they not only make the statement in a bill, of all admissions or confessions of the defendant, relied on as evidence, pertinent and proper to be set forth in the bill, but require that they shall be set forth; and if not, exclude the complainant from offering them in evidence. *Story's Eq. Pl.*, § 265 *a & n.*

It is not necessary to determine whether the courts of this state are governed by this rule, which was adopted for reasons that do not exist here. The matters excepted to are not admissions or confessions of the defendant, which, if proved, would in any degree support the case of the complainant.

The first exception is, to the recital of the allegations in a bill in equity, filed by him in the Circuit Court of the United States, against the complainants, and to a verbatim extract from his evidence in another suit pending between the same parties in that court. These recitals may involve the defendant in contradictions, which might impair his credibility as a witness, but neither of them, if admitted by the answer as set out, would have any tendency to establish the claim of the complainants to the relief sought in their bill. The first exception must, therefore, be sustained.

The second exception is, to so much of the bill as alleges that the matters in the recitals, excepted to in the first exception, are untrue. This exception must be sustained if the first is.

The third exception is, to so much of the bill as sets forth at length *in haec verba* two deeds, as to which, it is alleged that the defendant contends, that he delivered one in 1832, and tendered the other in 1856. This must be held to be impertinence, on account of the prolixity, which is impertinence. Such recital is expressly prohibited by the rules of this court, which makes it impertinent. It was not necessary,

for any purpose that appears on the pleadings, to set out these deeds at length, or to set out any part of them; and the court must not refrain from deciding this question upon the only inference to be drawn from the pleadings, because it is suggested that these deeds have an importance and significance from some reason which counsel does not think it prudence to disclose, and which does not manifest itself to the court. It is plainly averred in the bill, outside of these recitals, that no such deed as that which the complainants contend they were entitled to, has been tendered or accepted; and if a more distinct and clear averment had been necessary, it might and should have been made succinctly, without reciting the deeds at length. It was proper and necessary either to aver that the defendant had not delivered or tendered any deed, or, if the fact was so, that he had not delivered any, except deeds containing the objectionable conditions or covenants complained of. It was also proper, as the bill and receipt, which constitute the contract to convey, contain no description of the nine acre tract, except by reference to a deed, to aver that the deed exhibited at the giving of that receipt, and to which it refers, contained a description of that tract, and, perhaps, to set forth that description. But for no purpose was it necessary or proper to set out the deed in full.

The fourth exception is to the words " without oath, except as to the interrogatories hereto annexed," in the prayer for answer. The act of March 6th, 1867, (*Nix. Dig.* 119, § 106,) provides that a complainant may pray that the defendant answer without oath, and that in such case the answer shall not be evidence, but declares that it shall not affect any suit then pending, or to be brought on a claim upon which a suit in equity was then pending. The defendant claims that he is entitled to the advantage of his answer under oath, as evidence, on the ground that, at the passage of that act, a suit was pending in this court upon the claim on which this suit rests. This exception must fail, unless a suit was then pending on this claim. There was at that time a suit pending in

this court on a bill filed by the complainants, against the defendant, on the 17th day of February, 1864, entitled a cross-bill. The defendant rests this exception on that suit, and by assent of parties the bill has been submitted for the determination of this question.

Upon a careful examination of that bill, I cannot find that it was at all upon the claim on which this suit is based. It had nothing in it relating to the nine acre tract. It sought to enjoin an ejectment for the land over which the railroad runs, on the ground that the extent of easement, which was the only matter in dispute, could not be tried or settled at law. But it nowhere alleged a contract to convey or grant the easement, or sought any relief upon it. And any answer which the defendant could have made in that suit, relating to the contract to convey, on which alone this suit is brought, would not have been responsive to the bill, and could not have been of any avail to him. The object of the restriction in this act was to prevent a complainant from depriving the defendant of the benefit of an answer under oath in a suit then pending, an end which could have been accomplished by withdrawing the suit, and commencing another, but for the last clause in this limitation. And the true test of its application is, whether an answer to the suit then pending could be of any avail to him, if made in this. The fourth exception must be overruled.

The fifth exception is to a schedule annexed to one of the affidavits to the bill. This schedule contains the deposition of E. A. Stevens, in a suit in the Circuit Court of the United States, in which he was examined as a witness. The object of this affidavit was to procure an injunction. It will not be necessary to determine the question on which courts and jurists have differed, whether a deposition taken, or evidence given in another suit between the same parties, can be admitted because the witness is out of the state; or whether such secondary evidence can be offered only when the witness is dead. There are other reasons, free from doubt, why the deposition is incompetent, and therefore impertinent. First,

it is not shown by any competent evidence, that there was a suit pending in which it was taken. Secondly, it appears that the evidence was taken down and subscribed in the form of a deposition; in such case a certified or sworn copy of the original is the best and only evidence. The schedule is impertinent, and must be struck out.

The costs occasioned to the defendant by the parts of the bill and schedule, adjudged to be impertinent, must be paid by the complainants. The exceptions having been sustained in part, and overruled in part, neither party can have costs from the other upon the exceptions.