## DAVID VAN ETTEN v. WILLIAM BUTT.

[FILED JUNE 30, 1891.]

1. **Review**: MOTION OMITTED FROM RECORD. This court will not review the action of the district court in overruling a motion for a change of venue, where the motion is not included in the records brought up.

2. **Pleading**: SCANDALOUS MATTER or language disrespectful to the court contained in a pleading or affidavit filed in a cause, may be stricken out.

3. **Review**: AFFIDAVITS. To review a ruling of the district court in striking from the files an affidavit claimed to contain language disrespectful to the trial court, the affidavit must be incorporated in the bill of exceptions, and if the trial judge refuse to do so, he will, in a proper case, be compelled by *mandamus* to include the same in the bill of exceptions.

4. **Trial**: ABSENT WITNESSES: LACHES. A party cannot wait until after verdict and then for the first time complain of the absence of material witnesses, when their absence was known before the trial commenced.

5. **Review**: OBJECTIONS TO JURORS not made in the trial court, will not be considered here.

6. ———: AFFIDAVITS used on the hearing of a motion for a new trial, must be preserved by bill of exceptions in order to become a part of the record of a case.

7. The evidence sustains the verdict.

ERROR to the district court for Douglas county.   Tried below before GROFF, J.

*D. Van Etten, pro se.*

*Switzler & McIntosh, contra.*

NORVAL, J.

The plaintiff in error brought his action against the defendant in error to recover the sum of $90.60, with interest, as a balance alleged to be due him for services rendered as an attorney at law for and at the request of the defendant.   The items charged in the plaintiff's account amount, in the aggregate, to the sum of $294.90, against which the defendant is credited in the petition with several cash items, amounting to $202.30.

The defendant in his answer denies that he is in indebted to the plaintiff in any sum whatever; admits that he employed the plaintiff to defend an attachment suit brought against Butt by Meyer & Raapke, in the district court of Douglas county, and avers that he agreed to pay the plaintiff $30, in full compensation for all services to be rendered by him in the case, $10 of which he alleges was paid at the time plaintiff was retained, and the balance was subsequently paid.   The defendant admits he retained the plaintiff to represent him in a suit brought by Vineyard & Schneider against Butt, before a justice of the peace.   The defendant alleges that the plaintiff, at his request, brought suit against one C. E. Mayne to recover the sum of $15, due the defendant, and after the action was instituted, but before trial, Mayne paid the money to Van Etten, who appropriated the whole thereof to his own use, and still retains the same.   The answer further avers that the plaintiff received from the clerk of the district court of Douglas county, $172.30 of money belonging to the defendant,

which plaintiff retains and refuses to pay over to him. It is also alleged that all the services performed by the plaintiff, as the attorney of the defendant, were rendered in such a manner as to involve the defendant in needless litigation and costs, and that plaintiff's services were worthless and of no value whatever. The defendant prays judgment against the plaintiff in the sum of $217.30 and interest.

The plaintiff replied, denying every allegation of the answer, except the receipt of the $172.30, which the defendant has credit for in the petition.

A verdict was returned for the defendant for $61.84, the plaintiff's motion for a new trial being overruled, judgment was rendered on the verdict.

The plaintiff's motion for a change of venue was overruled, which ruling is assigned as error. We are unable to consider this assignment for the reason that the motion and the affidavits filed in support thereof, are not a part of the record in this court. It must be presumed that the showing was insufficient to require the trial court to order a change in the place of trial. The journal entry states that the affidavit accompanying the motion was stricken from the files because "it is irrelevant, and is in its nature and general effect scandalous and disrespectful to the court and the several judges thereof." For the same reason the trial judge certifies he refused to allow the affidavit to be incorporated in the bill of exceptions.

It cannot be doubted that scandalous matter, or language disrepectful to the court, contained either in a pleading or affidavit filed in a cause, may be stricken out, and if the objectionable matter is blended with that which is pertinent and proper, so as to be incapable of separation, the whole may be eliminated from the files. If, therefore, the general trend of the affidavit in question was scandalous or disrespectful to the court, it was the duty of the trial court not to permit it to remain on file or to be made a part of the record in the case. If the affidavit was not

objectionable, the plaintiff had his remedy by *mandamus* to compel the trial judge to include it in the bill of exceptions. We must accept the record as we find it, and we are, therefore, unable to determine whether there was any error committed to the prejudice of the plaintiff in striking his affidavit from the files.

It is urged that the court abused its discretion in requiring the plaintiff to go to trial, immediately after his motion for a change of venue was overruled. So far as the record shows, the plaintiff made no application for time to prepare for trial. If he desired the hearing postponed, in order to procure absent witnesses, as is claimed in his brief, he should have made a showing to the court, by affidavit or other testimony, stating the names of the absent witnesses, what they would testify to if present, and the efforts used to procure their attendance. A party cannot wait until after trial and verdict, and then, for the first time, complain that he went to trial without his witnesses being present, when he was aware of their absence before the trial commenced.

The regular panel of petit jurors being incomplete, a special *venire facias*, by order of the court, was issued, and the sheriff filled the panel. Error is assigned because several of the jurors thus summoned were on the jury that tried the cause. The record not showing that any objection was made in the trial court to the mode of selecting the jury, this assignment in the petition in error will not be considered.

The seventh and eighth assignments in the petition in error, are as follows:

"Seventh—Error and abuse of discretion in prohibiting plaintiff from discussing to the jury, legitimate evidence offered and received on trial, as shown by the eighth subdivision of motion for a new trial, and affidavit supporting it.

"Eighth—Misconduct and irregularity in the proceedings of the jury in arriving at their verdict."

These assignments must be overruled, for the reason

that there is no evidence in the bill of exceptions to sustain them. True, the clerk of the district court has included in the transcript a copy of an affidavit made by the plaintiff, and filed in the court below. Whether it was considered on the hearing of the motion for a new trial, or whether other affidavits were presented and read, we do not know, as the record fails to inform us. The filing of the affidavit with the clerk did not make it a part of the record, so as to be considered by this court. It could only become a part of the record by being preserved by a bill of exceptions. This court has so held in many cases. (*Dorrington v. Minnick*, 15 Neb., 397; *Dolen v. State*, Id., 405; *Empkie v. McLean*, Id., 629; *Donovan v. Sherwin*, 16 Id., 130; *Thesing v. School Dist.*, Id., 134; *Frederick v. Ballard*, Id., 559; *Graves v. Scoville*, 17 Id., 593; *Richards v. State*, 22 Id., 145.)

The plaintiff contends that the verdict is contrary to the evidence. The principal contest on the trial, was as to the plaintiff's charges for services rendered as an attorney in the suits of *Meyer & Raapke v. Barr*, and *Vineyard & Schneider v. Barr*. The latter case was brought before a justice of the peace. It fully appears that the defendant justly owed the debt upon which the action was brought, and that Van Etten was at the time of his employment so advised. The plaintiff herein was employed for the sole purpose of delaying the plaintiffs in the suit in obtaining judgment on a meritorious demand. On various grounds a delay of nearly three months was obtained in that court, and a further postponement of as many more months was procured by taking an appeal to the district court. No defense to the claim was ever made, nor was it ever intended that any should be interposed. Van Etten charged for his services $42.50. We do not see that he is entitled to any compensation for what he did. Courts will not aid any attorney to recover for services rendered for the sole object and purpose of obstructing and delaying courts

21

in the administration of justice.   Nor is it the legitimate
business of an attorney to knowingly aid a litigant in that
way.   What we have said applies as well to the charges
made by the plaintiff for advising the defendant how to
transfer his property, so as to place it beyond the reach of
his creditors, and for preparing papers for the accomplish-
ment of such unlawful purpose.

There is a conflict in the evidence as to the terms of the
plaintiff's employment as attorney in the Meyer & Raapke
case.   The plaintiff testified that he was to receive $25 as
a retainer, and was to be paid, in addition, the reasonable
value of his services.   Butt denies this.   He testified, in
effect, that the plaintiff agreed to defend the action until
the final determination thereof, for the agreed sum of $30.
This conflicting evidence was submitted to the jury, who,
notwithstanding the defendant's attempt on the trial to im-
peach the plaintiff, must have accepted as true the plaintiff's
testimony on that issue, otherwise the verdict for the de-
fendant should have been for a sum more than twice as
large as that assessed by the jury.   The value of his serv-
ices in the Meyer & Raapke case, as testified to by the
plaintiff's witnesses, range from $75 to $150, which the
defendant's witnesses testified that from $25 to $75 would
be a reasonable fee.   It is undisputed that the plaintiff
collected and obtained money belonging to the defendant
to the amount of $187.30, and the plaintiff admits that the
defendant had paid $15 to apply on fees.   The jury al-
lowed the plaintiff, in making up their verdict, $140.46,
as compensation for all professional services rendered for
the defendant.   Allowing the plaintiff full compensation
for legitimate charges, outside of the Meyer & Raapke case,
the jury has given the plaintiff over $100 for his fees in
that case.   Under the evidence, we are not prepared to say
that he was entitled to a larger amount.   He received more
than the highest sum testified by any of the witnesses for
the defense, or the lowest amount given by any of the
plaintiff's witnesses.

We have examined the rulings of the court on the taking of the testimony, and observe no error committed prejudicial to the plaintiff. So far as we can see the rulings were entirely fair and not in violation of the rules of evidence laid down in the books.

Exceptions were taken to the giving and refusing of certain instructions, but as no criticism is offered thereon in plaintiff's brief, and no error being discovered by the writer, the exceptions are overruled without comment. The judgment is

⁖ AFFIRMED.

THE other judges concur.