## ANTON BERNEKER v. STATE OF NEBRASKA.

FILED JUNE 5, 1894.   No. 6931.

1. **Criminal Law:** ASSIGNMENTS OF ERROR: INSTRUCTIONS: REVIEW. An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of such instructions was properly given. (*Hiatt v. Kinkaid*, 40 Neb., 178.)

2. **Receiving Stolen Goods:** INSTRUCTIONS AS TO VALUE. The language of an instruction with reference to the value of goods received, the prisoner being on trial for the alleged crime of receiving stolen goods, examined, and *held* not eroneous or objectionable.

3. **Criminal Law:** REPUTATION: EVIDENCE. Character, according to its legal construction, is a fact, and means the estimate in which the individual is held in the community in which he lives; and it is not error on the part of a trial court to exclude the knowledge of a witness, purporting to have been gained by personal acquaintance or dealings with the individual whose character is in question, as only the general reputation of such individual is admissible.

4. ———. The action of the court in sustaining objections of counsel for the state, to questions put to a witness on behalf of plaintiff in error, examined, and *held* not erroneous.

5. ———: ASSIGNMENTS OF ERROR: REVIEW. An assignment of error in the following terms: "The court erred in admitting evidence of defendant's receiving property at dates subsequent to the receiving on which and for which he was convicted," *held*, to be too indefinite, in that it is too general and failed to designate any particular or specific portion of the testimony of which complaint is made.

6. ———: INDORSEMENT OF NAMES OF WITNESSES ON INFORMATION. The indorsement of the name of a witness on the copy of the information contained in the transcript of the case raises the presumption that such indorsement was made at the proper time, and in the absence of proof to the contrary such presumption will prevail.

7. **Trial:** INTRODUCTION OF EVIDENCE. Where a question is asked a witness, to which objection is made, which is sustained,

the party desiring the evidence must offer to prove the facts sought to be introduced in evidence. (*Mathews v. State*, 19 Neb., 330.)

8. **Review**: AFFIDAVITS: BILL OF EXCEPTIONS. An affidavit which it is claimed was used in the hearing of motion for a new trial, but the record does not disclose whether it was used or presented at the hearing of the motion, cannot be considered for any purpose in this court unless presented by bill of exceptions and thus made a part of the record in the case.

9. **Sufficiency of Evidence.** The evidence examined, and *held* sufficient to support the verdict.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*Weaver & Giller*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

HARRISON, J.

During the February, A. D. 1894, term of the district court of Douglas county, on March 2, there was an information filed in said court, charging the plaintiff in error with the crime of receiving stolen property, certain goods and merchandise, of the alleged total valuation of $90.25. A trial was had to the court and a jury, which resulted in a verdict of guilty, the value of the property being assessed in the verdict at the sum of $35.15. Motion for a new trial was filed for the plaintiff in error, which, on hearing, was overruled and the plaintiff sentenced to a term of three years in the penitentiary, to reverse which judgment and sentence these proceedings in error were instituted.

The first assignment of error which is urged in the brief of counsel for plaintiff in error herein is stated as follows: "The court erred in instructing the jury that before they could convict the defendant they must find the value of the goods to be $35 or upwards. (See record, page 4, instruction No. 3.)" The exceptions to the instructions were

couched in the following language : "The defendant excepts to instructions numbered 3, 4, 5, and 6 given by the court on its own motion," and the fourth ground of the motion for a new trial stated : "The court erred in giving instructions 3, 4, 5, and 6 of its own motion," and in the petition in error, wherein the plaintiff in error complains of the instructions, the same words are used as in the motion for a new trial, and the instructions grouped together in one paragraph of the assignments. It is not claimed that any of the instructions are erroneous, or even defective, except No. 3, and an examination of them discloses that some, if not all, are entirely applicable to the facts developed in the case on trial, and free from error, which brings this assignment within the rule announced in *Hiatt v. Kinkaid*, 40 Neb., 178, in which case it was held by this court that "an assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of such instructions was properly given." (See, also, *McDonald v. Bowman*, 40 Neb., 269, and *Jenkins v. Mitchell*, 40 Neb., 664, since decided, and in which the rule above quoted was approved and followed.) This would effectually dispose of this assignment and obviate any necessity for further consideration of it; but inasmuch as the plaintiff in error, in his motion for a new trial, has further complained of this same instruction No. 3 in the following words: "That the court erred in instructing the jury that in order to find defendant guilty they must find the value of the property received by him to be $35 or upwards," we will give it further notice. The instruction complained of reads as follows: "The facts necessary to be established by the evidence beyond a reasonable doubt to warrant a conviction of the defendant are: That the defendant, at or about the time named in the information, and at and within the county of Douglas and state of Nebraska, received the goods described in the information, or some of them ; that the same were the goods of the Fremont, Elkhorn & Mis-

souri Valley Railroad Company; that the goods received by defendant had been stolen; that defendant received the goods knowing them to have been stolen, and with the intent to defraud the owner, the Fremont, Elkhorn & Missouri Valley Railroad Company, and that the value of the goods was $35 or upwards. If these facts have not been established beyond a reasonable doubt, you should acquit the defendant; if all these facts have been established beyond a reasonable doubt by the evidence, you should convict the defendant." Here the court stated the essential elements of the crime alleged to have been committed and necessary to be proved by the state beyond a reasonable doubt before it could claim a conviction of the prisoner by the jury then trying the prisoner, and in the portion of the instruction in which the value was referred to the court did no more than to use the same or like language to that employed by the lawmaker who framed the statute wherein the crime for which the plaintiff was being prosecuted is defined. The portion of section 116 of the Criminal Code under which the plaintiff was being prosecuted, to which attention is directed, is as follows: "If any person shall receive or buy any goods or chattels of the value [of] thirty-five dollars or upwards, that shall be stolen or taken by robbers with intent to defraud the owner, or shall harbor or conceal any robber or thief guilty of felony, knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary no more than seven years nor less than one year." We are satisfied that no prejudice could have resulted to plaintiff in error from the giving of the instruction containing the sentence indicated in regard to value, simply defining, as it did, one of the constituent elements of the alleged crime as it was defined in the statutes, which prohibited the crime and provided a punishment for its commission.

It is further complained that the court erred in refusing to permit the plaintiff in error to show that his reputation

for honesty was good in the community in which he resided. The offer of the proof was contained in the evidence of but one witness, Henry Habbens. The portion of the record in which the examination of this witness appears is as follows:

Henry Habbens, being called on behalf of defendant and duly sworn, testified as follows:

Examined by Mr. Weaver:

Q. State your full name to the jury, Mr. Habbens.

A. Henry Habbens.

Q. Where do you reside?

A. 1408 North Eighteenth street, Omaha.

Q. How long have you lived in Omaha?

A. Twelve years.

Q. Are you acquainted with the defendant, Mr. Berneker?

A. Yes, sir.

Q. How long have you known him?

A. Between four and five years.

Q. What is your business?

A. I am engaged in the brewing business—Omaha Brewing Association.

Q. You say you have known the defendant about four years?

A. I think it has been between four and five.

Q. State from your acquaintanceship with the defendant what you would say about his being an honest, upright, straightforward man?

Objection by the state, as irrelevant, immaterial, and incompetent, defendant not having been put upon the stand. Sustained. Defendant excepts.

Q. State, Mr. Witness, if you are acquainted with the general reputation of the defendant for industry, uprightness, and being a straightforward man.

Objection by state, as irrelevant, incompetent, and immaterial. Sustained. Defendant excepts.

Q. Mr. Habbens; are you acquainted with the general reputation of the defendant for honesty and uprightness, and being a straightforward man, in the community in which he lives?

Objection by the state, as irrelevant, incompetent, immaterial, and no foundation laid for the question.

Q. And among those with whom he associates?

Objection sustained.   Defendant excepts.

Q. From your acquaintanceship with the defendant, what would you say as to his being an honest, straightforward, upright man?

Objection by state, as irrelevant, incompetent, and immaterial.   Sustained.   Defendant excepts.

Q. State whether or not you have had any dealings with the defendant in the last three or four years, and during your acquaintanceship with him.

A. Yes, sir; I have.

Q. To what extent?

Objection by state, as irrelevant, incompetent, and immaterial.   Overruled.   State excepts.

A. I have seen him probably two or three times a week, and have done business with him, probably to the amount of $20,000 or $30,000 a year.

Q. Do you know what his general reputation is for industry, uprightness, and fair dealing, straightforward man, among the people with whom he lived and with whom he deals?

Objection by the state, as incompetent, irrelevant, immaterial, no proper foundation laid for the question, and having been already gone over.   Sustained.   Defendant excepts.

Q. From your knowledge of the defendant and your business dealing with him, what can you say as to his being an honest, upright, and straightforward man?

Objection, as irrelevant, incompetent, immaterial, and having already been ruled upon.   Sustained.   Defendant excepts.

Q. From your business dealings with the defendant, do you know whether or not he is an honest, straightforward, upright person?

Objection by state, as incompetent, irrelevant, immaterial, and leading, already been gone over, question having been asked and ruled upon. Sustained. Defendant excepts.

Q. You may state what you know about the defendant's being an honest, straightforward, upright man.

Objection by state, as irrelevant, incompetent, and immaterial, already been gone over and ruled upon by the court. Sustained. Defendant excepts.

Defendant offers to show by the witness that the defendant is an honest, straightforward, upright person.

Objection by state, as irrelevant, incompetent, and immaterial, already been gone over and ruled upon by the court. Sustained. Defendant excepts.

The Court: The court has not and does not propose to deprive counsel of the right to prove, if he can, the matters offered, provided he puts a proper question for the purpose of calling out such proof.

It was unquestionably the right of plaintiff to introduce evidence of his character or reputation, for they are convertible terms, for honesty in the community in which he resided, or his general reputation for honesty, but " character is a fact which is proved by another fact, general reputation. It cannot be shown by evidence of particular and specific facts, but may be proved by negative testimony. It must, therefore, be proved by witnesses who are acquainted with the general reputation of the person whose character is in issue, and this acquaintance must be shown before the evidence will be admitted. The individual opinion of the witness is inadmissible." (3 Am. & Eng. Ency. Law, 114, and notes.) "Character, in the sense in which the term is used in jurisprudence, means the estimate attached to the individual by the community, not the real

qualities of the individual as conceived by the witness. In other words, it is not what the individual in question really is, but what he is held to be by the society in which he moves." (Wharton, Criminal Evidence, ch. 2, sec. 58.) "The particular trait or kind of character to be proved must, of course, be determined from the nature of the question in issue.  *  *  *   One may have an excellent reputation for some things, and a very bad one for others." (*Indianapolis Journal Newspaper Co. v. Pugh*, 33 N. E. Rep. [Ind.], 991.)

A perusal of the examination of the witness Habbens discloses that there was not any question asked him that was not objectionable, viewed in the light of the above rules in reference to evidence of reputation, either in seeking to call out testimony of some other trait than honesty or the reputation of the party (not generally, but in a limited sense), either the opinion of the witness formed alone from his acquaintanceship with him, or the plaintiff's character among his associates. This last is what is asked for in the least objectionable interrogatory propounded during the whole examination of the witness. Furthermore, the only offer to prove made, it will be remembered, was in the following words: "Defendant offers to show by the witness that the defendant is an honest, straightforward, upright person." This was clearly bad, as the offer is to show by the witness, not the reputation or character of the party in question, but to show by the witness his opinion or estimate of them; and immediately following this the court made the following statement: "The court does not propose to deprive counsel of the right to prove, if he can, the matters offered, provided he puts a proper question for the purpose of calling out such proof;" but the witness was excused, and there was no further effort to prove the reputation of Berneker. We can discover no error in this portion of the record in the least degree prejudicial to the plaintiff in error. He was given ample opportunity to

56

show his reputation or character for honesty in the proper manner, but failed to do so.

Another assignment of error is stated as follows: "The court erred in admitting evidence of defendant receiving property at dates subsequent to the receiving on which and for which he was convicted." This assignment of error is insufficient and indefinite, in that it does not designate the particular portion of the evidence to which attention is sought to be directed, and which it is claimed the court erred in admitting. There was some testimony of the kind indicated in the above assignment, introduced during the trial of the case, but a search through the record discloses that plaintiff in error objected to only one interrogatory of those propounded, with the view to eliciting such evidence. Following the rule announced in *Graham v. Hartnett*, 10 Neb., 518, this assignment is too indefinite to be noticed or to present the question desired to be raised for review.

During the trial of this case in the district court one Thomas Bennett was sworn on behalf of the state. Counsel for the plaintiff in error interposed the following objection to his testimony: "Defendant objects to witness testifying, for the reason that his name is not indorsed on the information, a copy of which was served upon the defendant. Overruled. Defendant excepts." An examination of the copy of the original information used upon the trial, as embodied in the transcript and a part of the record here, discloses that the name of the witness Bennett appeared among the names indorsed upon it, and this raises the presumption that it was properly indorsed in the manner and at the time required by the law regulating such indorsements. This meets the objection made and the assignment of error on this point, in both the motion for a new trial and the petition in error. It is evident from an examination of some portions of the papers filed here that the point intended to be raised by the objection of counsel for the plaintiff in error was that the name of

the witness Bennett was not indorsed or did not appear upon the copy of the information served upon the plaintiff in error, and that if it appeared on the information at the time of trial it had been indorsed thereon at a time or date subsequent to its filing by the clerk and without notice to the prisoner or his attorneys, and without any knowledge on his or their part of such action.    There is an affidavit attached to the papers in this court which states, in substance, that the copy of the information served upon plaintiff in error did not have indorsed upon it the name of Thomas Bennett; that after the original information was filed with the clerk of the court the name of the witness Bennett was indorsed upon it without the knowledge of or notice to the plaintiff in error or his attorneys, and that they were not aware of such indorsement until after the case against plaintiff in error was called for trial and a jury impaneled for such trial.    This affidavit, it is claimed, was used on the hearing of the motion for a new trial, but whether it was used or referred to on the hearing of the motion for a new trial we are not informed and the record nowhere discloses.    It is not mentioned in the record as having been used for any purpose in the court below, and has not been by name, or as an exhibit, or by reference to it, made or preserved as a part of the bill of exceptions and cannot be considered here. (See *Van Etten v. Butt*, 32 Neb., 285.)

The only other assignment of error in the case may be considered under that of the insufficiency of the evidence to support the verdict.    We are satisfied, from a careful and thorough examination of all the evidence in the case on all the points involved in the inquiry, that it was ample and sufficient, and the jury warranted in the conclusion that the testimony showed the plaintiff in error guilty of the crime charged, beyond a reasonable doubt.    The judgment of the district court is

AFFIRMED.