An affidavit of the attorney for the plaintiff has been filed in this case, alleging that one of the judges of this court before whom the case was set for trial was biased and prejudiced against him; and the clerk of the court has notified me of the filing of the affidavit us provided in Section 550, Revised Statutes. If the affidavit complies with the requirements of the statute, it becomes my duty, as supervisory judge of the court, to “designate and assign” another judge of this court to try the cause.
The question before me, then, is: Is the affidavit one which under the statute requires such action by me?
The affidavit alleges bias or prejudice upon the part of the judge against the attorney.
The Circuit Court Act, Section 453, makes bias or prejudice of the trial judge against an attorney in the cause a ground of *418 disqualification for sitting in the same; but Section 550, which states of grounds of disqualification of a judge in the superior or common pleas court, omits to state “bias or prejudice” of the judge against an attorney as a ground of disqualification, but makes bias or prejudice against a party a ground of disqualification.
It is true that Section 550, in addition to the specific grounds of disqualification there stated, does contain a general statement that if the judge “is otherwise disqualified,” he shall not be permitted to sit. But whether this general" statement is sufficient to make bias or prejudice against the attorney a sufficient ground of disqualification is not clear. In view of the preceding specific statement in Section 550, this bias or prejudice against a parly shall be a ground of disqualification, and in view of the express statement in Circuit Court Act making bias or prejudice against the attorney a ground of disqualification, and its absence from Section 550, there is, to say the least, a question as to whether the rule expressio unius exclusio alterius does not apply, and, therefore, that bias or prejudice by a judge against an attorney is not sufficient ground for disqualification in the superior or common pleas courts.
But assuming for the purposes of this case that the bias or prejudice of a judge against an attorney is a ground of disqualification of the judge in the superior court and one which, when taken advantage of by proper affidavit, requires the supervisory judge “to designate and assign some other judge” to try the cause, the question remains whether the affidavit filed in this case is one which requires action upon the part of the supervisory judge.
In State, ex rel, v. Wolfe, 11 C. C., 591, construing Section 550, it was held that—
“Where parties claim bias or prejudice, they need not set out facts upon which they base their claim. Whether a man is biased or not is a fact itself, and it is not necessary to state something else to show that he has such bias. The fact of bias or prejudice is not issuable.”
The same holding was made in Barclay v. Salmon, 17 C. C., 152, in a carefully prepared opinion by Judge Summers, in which it was decided that—
*419 “It is not necessary in such an affidavit to state facts showing bias or prejudice, but merely to aver interest, bias or prejudice or other disqualifying fact.”
It is clear from these authorities that to allege in the affidavit the evidence which establishes the disqualification of bias or prejudice is to allege irrelevant matter, to allege what is not pertinent, because it can add nothing to the legal force of the affidavit. Such allegations are in the legal sense impertinent.
In the affidavit before me the allegations contain not only the statement of bias or prejudice, but they contain the statement that the bias or prejudice “is in furtherance of a scheme of which there has been common rumor” that all attorneys who did not support the trial judge for election “were marked for disfavor. ’ ’
To allege in an affidavit that a judge is biased or prejudiced against an attorney, and at the same time to allege that such allegation is founded upon “rumor,” is not only impertinent, but scandalous.
In 19 Ency. PL & Pr., 219, it is said that—
“When affidavits contain scandal, either they may be ordered from the files and suppressed or the objectionable matter may be expunged.”
In Van Etten v. Butt, 32 Neb., 287, it was said:
“It can not be doubted that scandalous matter or language disrespectful to the court, contained either in a pleading or affidavit filed in a cause, may be stricken out, and if the objectionable matter is blended with that which is pertinent and proper, so as to be incapable of separation, the whole may be eliminated from the files.”
In Apdyke v. Marble, 18 App. Pr. Rep., 375, it was said by the General Term of the Superior Court of New York:
“We entertain much doubt as to the propriety of striking out part of an affidavit at any time. Such does not appear to have been the usual practice even in courts of equity, and before the code was never resorted to in courts of law. The decision of the chancellor in Powell v. Kane (5 Paige, 265), seems, however, to sanction striking out parts of an affidavit as scandalous. The better practice, however, is to suppress the affi *420 davit, and if it has been filed, to take it from the files. * * *
“If a party will insert scandalous matter in an affidavit to be used on a motion, he must submit to have it suppressed and not read on the motion. The rules in regard to pleading are different. There the residue of the pleading remains, after striking out the scandalous matter, to form the issue.”
In The People v. Church, 2 Lansing, 470 (General Term, N. Y. Supreme Court), it was said:
“Matters set forth in papers presented to the court or filed which are not material to the decision are impertinent, and if reproachful, are scandalous (1 Barbour’s Chy. Prae., 202). , * *= *
• “This certificate and the affidavits in question being irrelevant, were impertinent, and the affidavits tending to impute to the justice vacillation of purpose or opinion, and to the counsel for the church directors great infirmity of temper, were also scandalous.
“In such case affidavits and other papers on a motion may be suppressed by the court on inspection.”
The principle announced in the above authorities seems to me to be peculiarly applicable to affidavits filed for the purpose of disqualifying a judge from sitting in the trial of a case. It is desirable that when such affidavits are filed, they shall conform strictly to the statute, and not be made the vehicle for unnecessary statements against the judge which necessarily bring the administration of justice into disfavor and- disrepute.
The affidavit in this case will be stricken from the files and the case restored to the place it occupied on the docket before •the affidavit was filed.