WALTER E. WELLS, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

42 N. W. 2d 363

Filed April 20, 1950. No. 32759.

*Ralph R. Bremers,* for appellant.

*Clarence S. Beck,* Attorney General, *William T. Glee-son,* and *Charles A. Fryzek,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant was in the municipal court of the city of

Omaha charged with and convicted of violation of an ordinance prohibiting indecent conduct within the city. He appealed to the district court, waived a jury trial, was tried, convicted, and adjudged to pay a fine and the costs. His motion for a new trial was denied. He has appealed from that judgment and sentence, and has also filed a petition in error in this court.

The offense charged against appellant as stated in the complaint is that he on about the 15th day of July, 1949, in the city of Omaha, "tried to perform indecent acts with Marolys (Marolyn) Darling in violation of" an ordinance of the city. Indecent acts or attempts to perform such acts are not made an offense by any statute of this state. This is a civil proceeding to recover a penalty for the violation of an ordinance, and appeal is the proper procedure to obtain a review in this court of the conviction and sentence of appellant. State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81. The petition in error was improvident and should be dismissed. § 25-1912, R. R. S. 1943.

The complaint contains all the information in the record as to the ordinance therein described. This is not important in this case because courts of municipal corporations take judicial notice of ordinances thereof. They have the same relation to municipal laws as do courts of general jurisdiction toward the general laws of the state. On appeal from a conviction in a municipal court of a violation of a city ordinance, the district court will, upon a trial de novo, take notice of whatever facts the former could have noticed judicially before the removal of the case. The judgment of the district court in such a case comes to this court attended with the usual presumptions of regularity, and in the absence of a showing to the contrary, it will be presumed that the facts before that court, including those of which it was required to take judicial notice, established that the facts charged in the complaint were a violation of the ordinance of the city described or referred to therein. Foley v. State, 42 Neb.

233, 60 N. W. 574; Steiner v. State, 78 Neb. 147, 110 N. W. 723; Maxwell v. Steen, 93 Neb. 29, 139 N. W. 683; Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N. E. 2d 671, 111 A. L. R. 954.

Appellant argues that the district court was wrong in permitting Marolyn Darling to testify as a witness for appellee. She was an infant of twelve years, in the seventh grade in school, knew what it is to tell the truth, did not know the meaning of an oath, but knew she was expected to tell the truth "because the Bible says so." She was told that by her parents and her Sunday School teacher. Appellant objected to her competency as a witness when she was asked the first question material to the issue in the case for the reason that it was not shown she knew the meaning of an oath. He did not ask to be permitted to examine her as to her knowledge or ability to testify, neither did he ask the court to do so. In this state no age is fixed by statute below which a child is presumed to be incompetent to act as a witness, and there is no rule of law that an infant twelve years of age is incompetent to testify. If the opposing party in such a case challenges a witness because of his age without requesting an examination of him as to his competency by either the court or counsel, the objection is properly denied. The competency of a person to be a witness is generally committed to the sound legal discretion of the trial court, except in those cases where incompetency is prescribed by law. Inability to define such words as "testimony," "oath," or "obligation of an oath" is not determinative of want of capacity of an infant to be a witness. It is sufficient if, without being familiar with the use and meaning of such words, he has an adequate sense of the impropriety of falsehood, sufficient intelligence, and a proper appreciation for the obligation of an oath. The principle upon which the ruling should be determined is that the child is sufficiently mature to receive correct impressions by his senses, to recollect and narrate intelligently, and to appreciate the moral

duty to tell the truth. Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236. The record is convincing that Marolyn Darling clearly met these tests.

It is said the court erroneously received certain evidence over the objection of appellant. In a case tried to a court without a jury, the reception of improper evidence is not reason for a reversal of the case if there is sufficient competent evidence to sustain the findings and judgment. It is presumed that the district court considered the evidence properly admitted on the trial to the exclusion of the improper evidence received. Smith Premier Typewriter. Co. v. Mayhew, 65 Neb. 65, 90 N. W. 939; Blondel v. Bolander, 80 Neb. 531, 114 N. W. 574; Shaul v. Mann, 102 Neb. 265, 166 N. W. 619.

Appellant complains that his attempt at the trial to establish a foundation for and to produce evidence of his general reputation as a peaceable and law-abiding citizen, and for chastity and morality was prevented by the court. The record fails to show this. No appropriate foundational question for this purpose was propounded by him and no offer was made of what appellant claimed the answer to such a question would have been. There was no foundation for evidence of appellant's general reputation in any respect. The offer of proof was that appellant was a temperate man, of normal habits, of good mental and physical health, and had conducted himself in a proper manner as a man of good character. It was without doubt his right to put in issue his character in the community where he resided, but the admissible evidence was proof of his general reputation in these respects and not evidence of particular and specific facts. It was proof of the estimate attached to him by persons in the community where he resided and not his real qualities as conceived by the witness. Berneker v. State, 40 Neb. 810, 59 N. W. 372; Annotation, 67 A. L. R. 1211. The sufficiency of the evidence to sustain the judgment is challenged. The assumption of appellant that the burden of appellee was proof beyond a reasonable doubt

is incorrect. The greater weight of the evidence is sufficient to sustain a conviction of violation of a city ordinance. State v. Neimer, *supra.* It is not necessary or proper to repeat the unsavory details of the evidence. The testimony produced by appellee, if accepted as true, is adequate to sustain the conviction. The evidence on behalf of appellant positively contradicted the proof of appellee in all respects material to the issue of the case, and it would have supported a finding for him if the court had accepted it as the facts. It is not permissible for this court in this situation to evaluate evidence or judge the credibility of witnesses. This was the function and the responsibility of the district court, and its finding adverse to appellant in this case is entitled to the weight, effect, and consideration of a verdict of a jury. Foltz v. Brakhage, 151 Neb. 216, 36 N. W. 2d 768.

The petition in error filed herein is dismissed. The judgment should be and is affirmed.

AFFIRMED. PETITION IN ERROR DISMISSED.