## CLEMENT STEINER V. STATE OF NEBRASKA.

### FILED JANUARY 5, 1907. No. 14,560.

1. **Criminal Law: PLEA IN ABATEMENT.** A plea in abatement in a criminal prosecution is proper where there is a defect in the record shown by facts extrinsic thereto. Cr. code, sec. 441.

2. **Pleading** examined, and *held* not to constitute a plea in abatement within the meaning of the statute.

3. **Demurrer.** Where a so-called plea in abatement does not state facts sufficient to constitute such plea, and contains no negation of any element of the offense charged, a demurrer thereto is properly sustained.

4. **Municipal Courts: ORDINANCES: JUDICIAL NOTICE.** Municipal courts will take judicial notice of the ordinances of the city, and on an appeal therefrom to the district court from a conviction of a violation of a city ordinance the latter court will upon a trial *de novo* take notice of whatever facts the former court was required to notice judicially before the removal of the cause. *Foley v. State,* 42 Neb. 233.

5. **Judgment: REVIEW: PRESUMPTIONS.** But a different rule prevails in this court, where such cases are not triable *de novo,* and such matters must be included in and made a part of the record presented to this court for review, otherwise the correctness of the rulings of the district court with respect thereto will be presumed.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*James E. Philpott,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson,* contra.

ALBERT, C.

An information was filed against Clement Steiner in the police court of the city of Lincoln, charging him with the sale of beer, contrary to the ordinances of the city. The complaint contains three counts, which are substantially the same. The defendant was convicted, and ap-

pealed to the district court, where he filed what is desig-
nated a plea in abatement, which may be reduced to two
propositions: (1) That at the time of the alleged sales of
beer, the firm, of which the defendant was a member, held
a druggist's permit, in full force and effect, to sell malt,
spirituous and vinous liquors for medicinal, mechanical
and chemical purposes in the city of Lincoln, and that the
defendant made no sales thereof to the purchaser named
in the information, or to any other person, "other than as
a druggist and as a member of said firm"; (2) that the
municipal ordinances provide no punishment for the un-
lawful sale of intoxicating liquors by persons holding a
druggist's permit, other than the revocation of the permit
to sell such liquors. A demurrer to this plea was inter-
posed and sustained by the court, whereupon the defend-
ant elected to stand on his plea in abatement. He then
filed an objection to the jurisdiction of the court. His
objection was overruled, and a trial was had which re-
sulted in his conviction on the first two counts. A motion
for a new trial and one in arrest of judgment on the
alleged want of jurisdiction were overruled, and the de-
fendant was sentenced to pay a fine. He now brings
error.

It is first contended that the court erred in overruling
the demurrer to the plea in abatement. A plea in abate-
ment at common law was founded either on some defect
apparent on the face of the indictment, without reference
to any extrinsic fact, or upon some matter of fact outside
the record which would render the indictment insufficient.
1 Chitty, Criminal Law, *445. Under our practice, it is
proper when there is a defect in the record shown by the
facts extrinsic thereto. Cr. code, sec. 441. The matters
set forth in defendant's plea do not bring it within either
of the foregoing definitions. While the defendant appears
to concede such to be the case, he insists that the state
waived the irregularity by demurring, and that it thereby
admitted the facts pleaded, whether such facts are such
as might be shown in abatement of the prosecution or

under a plea of not guilty. Whether that is a correct rule of practice is a question that does not concern us at this time. A demurrer does not admit all the facts set forth in the pleading against which it is directed, but only such as are well pleaded.

As to the first proposition covered by the plea in abatement, the defendant stood charged with the sale of beer for purposes other than that allowed by the permit under which he claims immunity. By his plea the defendant impliedly admits having made the sales, but avers that he made no such sales, "other than as a druggist," and as a member of the firm holding the permit. This falls far short of a plea of not guilty or of a negation of any fact charged in the information. The material question is not in what capacity or relation he acted when he sold the beer, but for what purpose he sold it. The first proposition, even were it to be held to stand admitted by the demurrer, does not negative a single element of the charges upon which the defendant was prosecuted.

As to the second proposition, the prosecution was begun in the police court of the city, and that court, as well as the district court on appeal, was required to take judicial notice of the ordinances of the city. *Foley v. State,* 42 Neb. 233. The second proposition, therefore, is a mere conclusion of law and is of no issuable value. We are satisfied that the plea was properly overruled.

It is also contended that the court erred in overruling the objections to its jurisdiction, and the motion in arrest of judgment. The argument in support of this contention proceeds on the assumption that the ordinance under which the prosecution was commenced had been repealed before the trial in the district court. Neither the ordinance nor any record of its repeal is before us. It is true, in *Foley v. State, supra,* this court held that municipal courts will take judicial notice of the ordinances of the city, and that "on appeal from a judgment of conviction before a police judge for the violation of a city ordinance the district court will upon a trial *de novo*

take notice of whatever facts the former could have noticed judicially before the removal of the cause." But a different rule will prevail with respect to this court, where such matters are not triable *de novo*. This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record.

In this case there is nothing in the record tending to support the defendant's contention that the ordinance had been repealed, save the recitals contained in the written objection to the jurisdiction. That this court cannot accept such recitals as showing a repeal of the ordinance goes without saying. The judgment of the district court comes here attended with the usual presumptions of regularity. The record shows that the jury were instructed that the facts charged in the information were in violation of the ordinances of the city. In the absence of a showing to the contrary it will be presumed that the facts before that court, including those of which it was required to take judicial notice, justified the court in so instructing.

The record does not affirmatively show error, and we recommend an affirmance of the judgment.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.