Maxwell v. Steen.

---

N. J. MAXWELL ET AL., APPELLANTS, V. WILLIAM STEEN, APPELLEE.

FILED JANUARY 16, 1913.    No. 17,656.

1. **Intoxicating Liquors:** LICENSE: APPEAL: RECORD. Where, on appeal to this court from a judgment of the district court affirming the action of a village board in granting a liquor license, the record

is silent on the question as to whether or not the granting of the license was by authority of an existing ordinance, this court will not indulge the presumption that there was no such ordinance.

2. ———: ———: SUFFICIENCY OF PETITION. The remonstrance against the issuance of a liquor license recited: "The names to the said petition are not, and were not freeholders in any sense at the time of the filing of said petition, * * * and, if freeholders, were made freeholders for the only and express purpose of permitting them to sign the said petition for the said license." *Held* an admission that the signers to the petition were freeholders, and, there being no evidence that they were not freeholders in good faith, the license was properly issued.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*A. M. Post* and *R. P. Drake,* for appellants.

*Albert & Wagner, contra.*

HAMER, J.

This is an appeal from an order of the district court for Platte county finding in favor of the applicant, William Steen, for a liquor license.

The appellants, who are remonstrants, make the contention that the judgment of the district court should be reversed because it does not appear from the record that there was a valid village ordinance authorizing the issuance of the license.

In *Foley v. State,* 42 Neb. 233, we held that municipal corporations will take notice of their own ordinances, since they stand in the same relation to the municipal laws as do courts of general jurisdiction towards the general laws of the state; and that, on appeal from a judgment of conviction before a police judge for the violation of a city ordinance, the district court will, upon a trial *de novo,* take notice of whatever facts the former could have noticed judicially before the removal of the cause. Counsel for appellants, recognizing the rule there announced, seek to escape its application by citing *Steiner v. State,* 78 Neb.

147, where, after quoting the above holding, we said: "But a different rule will prevail with respect to this court, where such matters are not triable *de novo.*" But in that connection we also said: "This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record." Taking these two cases together, we think the rule is fairly deducible that the village board could take judicial notice of the ordinances of the village, and that the district court may have properly considered that, when the village board issued the license, it did so because authorized to do so by an ordinance of the village, and, the record being silent on the question of the existence of an ordinance, this court will not presume that there was no such ordinance. If the district court erred in taking judicial notice of an ordinance which did not exist, it was the duty of the remonstrants to present some evidence of that fact in the record, which was not done. We cannot therefore indulge the presumption that the district court erred in that respect. As further said in *Steiner v. State, supra:* "A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record."

The remonstrants further objected to the issuance of a license, upon the jurisdictional ground that the petition was not signed by the requisite number of freeholders. The remonstrance recites: "The names to the said petition are not, and were not, freeholders in any sense at the time of the filing of said petition, so made and constituted for the purpose of becoming signers to said petition, and, if freeholders, were made freeholders for the only and express purpose of permitting them to sign the said petition for the said license." Under the oft-repeated holdings of this court, the above language amounts to an admission that the signers were freeholders, and an allegation that

they were made freeholders for the only and express pur-
pose of permitting them to sign the petition for a license.
This was, in substance, an allegation of a fraudulent at-
tempt on the part of the applicant to obtain a license by
investing certain persons with a mere nominal title to
real estate, for the purpose of enabling them to sign his
petition; an act which we have condemned and held is
insufficient to qualify such persons as signers. We are
not unmindful of the fact that remonstrances to the grant-
ing of liquor license are often prepared by persons not
learned in the law, and freely concede that the strict rule
of pleadings should not be applied to them. No formality
of language should be required in such cases, but they
should be required to point out in reasonably plain lan-
guage, informal though it may be, the persons whom they
claim have been fraudulently or in bad faith made free-
holders, and support their allegation with evidence, so
that the applicant may meet the charge with proof to the
contrary, if he is able so to do. In the record before us,
there is an entire absence of proof to sustain the charge as
to any of the signers of the petition of the applicant.

Finding no error in the record, the judgment of the dis-
trict court is

AFFIRMED.