Hayward v. State.

---

ALFRED E. HAYWARD V. STATE OF NEBRASKA.

FILED OCTOBER 16, 1914.   No. 18,645.

1. **Burglary:** SUFFICIENCY OF EVIDENCE. The evidence, the substance of which is stated in the opinion, is *held* insufficient to sustain a conviction of burglary.

2. **Instructons** 6 and 7, copied in the opinion, *held* to have been erroneously given.

ERROR to the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Morning & Ledwith* and *Bruce Fullerton* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.

An information was filed in the district court charging plaintiff in error, who will hereafter be referred to as defendant, with the crime of burglary, by breaking and entering into a public building in the city of Lincoln, known as the "Young Men's Christian Association Building," with the intent to steal property of value therein. A jury trial was had, which resulted in a verdict of guilty, when he was sentenced to pay a fine of $300 and the costs of prosecution, and that he be imprisoned until the fine and costs were paid. He brings the case to this court by proceedings in error; his principal contentions being that the court erred in certain instructions, and that the evidence is insufficient to sustain a conviction.

The evidence shows that there is a telephone booth situated in the office or the lobby of the building referred to, and that the first that was noticed of defendant being present was when he applied to the person in charge, at the clerk's counter, and asked that the fan, which was running in the booth, be turned off, which was done, and the fan stopped. The defendant entered the booth as though for the purpose of telephoning to some one. The money drawer in the booth cabinet was connected by a secret wire to an instrument, termed a "buzzer," at the clerk's desk, so as to set in motion said buzzer upon the opening of the money drawer. The buzzer gave an alarm, when two of the men in charge hastened to the booth and found defendant therein, apparently in the act of telephoning to some one, the money drawer open with a key protruding from the keyhole in the lock therein. The contention on the part of the state is that defendant must have broken into the main building, as all the doors by which an entry could have been made were equipped with strong springs, which automatically closed the doors upon any one passing through and releasing the open doors. There were no locks nor latches on the doors, they being held closed by the springs. While there is no direct evidence as to how or by what method defendant gained access, it is contended that he must have pushed open one

of the swinging doors, and thus made his entrance to the lobby; the assumption being that such entry was with felonious intent. There was evidence that another drawer of the same kind, in another building, was opened that afternoon, a short time before defendant's appearance in the lobby, and money extracted; certain marked coins having been taken therefrom and found on his person at the time of his arrest. This evidence was competent for the purpose of showing, as a circumstance, his intent to steal. It is fundamental that, in order to prove burglary, there must be evidence tending to prove the unlawful breaking and entry, and that such unlawful acts were with felonious intent, as described in section 8643, Rev. St. 1913. The act of breaking may be shown by proof, either direct or circumstantial. The breaking may be by the mere pushing open of a closed door, even though unlatched or unlocked; but there must be proof of the breaking. The breaking must be accompanied by an unlawful intent; if not, it is not burglary. This intent may also be proved by direct or circumstantial evidence. If the criminal intent or purpose is not formed at or before the entry, it is not burglary. The intent must be accompanied by the act of breaking and entry. These rules are fundamental and well understood, are included in the statute, and the citation of authorities in their support is not necessary. It is also well understood that every material element of a crime charged must be proved beyond a reasonable doubt. The jury were so instructed in this case.

The Young Men's Christian Association Building is a public building. In a sense it is similar to a hotel. The public is invited to enter. Meals are furnished at specified rates for all who may desire them. While nothing was stolen, it is contended that an attempt to rifle the money drawer was made, and that defendant was frustrated in the attempt. This might be true, and yet he may have been innocent of the breaking. The evidence shows that defendant was within the booth about 7 o'clock P. M.; that he had prior to that time asked to have the fan turned off, and no one testified to any knowledge of when or how

he entered the building. It is to be presumed that it was some minutes before he entered the booth. The evidence is that from 6 to 7:30 o'clock in the afternoon about 500 people enter the building, passing through the doors. It must be that, in such a rush, many pass through an open doorway, the spring door being held open by those passing through. The evidence tends to show that defendant entered during that time. Did he open the door to make the entry, or did he pass through an open doorway? There is no hint in the evidence upon this subject. When two equal presumptions—one in favor of innocence, the other in favor of guilt—are presented, the one in favor of innocence is to be preferred and applied. In this regard the evidence fails to establish defendant's guilt beyond a reasonable doubt.

Complaint is made of instructions numbered 6 and 7, given to the jury by the court. They are here copied.

No. 6. "It is a familiar principle that a 'breaking' necessary to constitute the crime of burglary may be any act of physical force, however slight, by which the obstruction to the entering is removed. The lifting of a hook with which a door is fastened, or the opening of a closed door in order to enter a building, is 'breaking' within the accepted definition of burglary, although the entry might have been effected through a door already open."

No. 7. "The jury are further instructed that, if in this case you believe beyond a reasonable doubt that the accused, Hayward, entered the building without unlocking the door, or without using force in opening a door so as to enter, then you will find defendant not guilty, and will acquit him of the crime charged."

The principal objection to the sixth instruction is to the closing or last clause thereof, to wit, "although the entry might have been effected through a door already open." It must be conceded that the language might tend to leave one in doubt as to its meaning. If it meant that defendant would be guilty if he entered through an open door, the instruction is clearly wrong, for in that case there would be no "breaking." If it meant that the fact the

other doors were open and defendant broke in through a closed door it would be breaking, the instruction would not be objectionable. In any event the instruction is ambiguous, and should not have been given in the form adopted.

The seventh instruction was, no doubt, an oversight on the part of the court, for it reverses the rule of law applicable to the case. It was not necessary for the jury to believe beyond a reasonable doubt that defendant had not done the things charged in order to acquit him. The instruction is clearly erroneous. *Flege v. State*, 93 Neb. 610.

The judgment of the district court is reversed and the cause is remanded.

REVERSED.

ROSE, J., not sitting.

FAWCETT, J., dissenting.

There is nothing in the point that the Young Men's Christian Association Building was a public building and that from 6 to 7:30 in the evening a large number of people passed through the doors into the building. People who so pass into the building do so by invitation of the Young Men's Christian Association for lawful purposes. This invitation does not extend to one who desires to enter for the commission of a larceny. That the defendant entered the building for the purpose of committing a larceny is established beyond a reasonable doubt. The uncontradicted testimony shows that on the afternoon and evening in question the doors of the building were closed. Defendant entered the building through the door. There was no other way he could enter. In order to gain an entrance through the door, every reasonable probability is that he opened the door himself. No one saw him enter, and so it is held, in the majority opinion, that there is no proof of a forcible entry, so as to make the crime burglary. In order to reach this conclusion, the improbable presumption is drawn that some one, who was lawfully entering, may have preceded the defendant into the building and

held the door open for him to enter. While such a circumstance is possible, it is too remote a probability to warrant the setting aside of the conviction of a man who, the evidence shows beyond a reasonable doubt, upon any reasonable hypothesis, is guilty of the crime charged. If criminals can thus escape their just deserts, then verily the proverb, "The way of the transgressor is hard," is reversed.

Instruction No. 6 could not by any possibility have prejudiced the defendant.

Instruction No. 7, quoted in the opinion, standing alone, might be held to have been prejudicial; but, when taken in connection with No. 8, which immediately follows it, it is idle to claim that the defendant was prejudiced. Instruction No. 8 reads: "The jury is further instructed that, in order to find the defendant guilty of the charge of burglary, it is necessary for the state to establish that, at the time that defendant entered the Young Men's Christian Association Building, he had an intention of stealing property from said building, and that he forcibly broke into said building for the purpose of carrying out his intention to steal property from said building." This instruction clearly and properly told the jury what the state must prove to warrant a conviction, and, it following immediately after instruction No. 7, the jury could not have been misled.

The doors of the penitentiary should swing evenly. The outward swing is easy these days, and the inward swing should not be made too hard.