284

STATE OF NEBRASKA, APPELLEE, V. JAMES NEIMER, APPELLANT.

23 N. W. 2d 81

FILED MAY 24, 1946. No. 32065.

*Beynon & Greenamyre,* for appellant.

*Max Kier, Jack Devoe,* and *A. A. Whitworth,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE. YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Complaint was filed in the municipal court of Lincoln charging that the defendant on or about February 3, 1945, "did unlawfully (1) Operate a disorderly house (2) employ a minor and allow her to serve intoxicating liquor contrary to the Ordinance * * *." Defendant pleaded not guilty. Trial was had. Defendant was found guilty on both charges and fined. He appealed to the district court. On the day of trial defendant's counsel withdrew his appearance. Defendant proceeded without counsel, waived trial by jury, and trial was had to the court. A finding of guilty on both charges was made. Defendant thereupon filed a motion for a new trial. This was overruled, and defendant, appearing at the time in person and with his attorney, was fined. He appealed.

He assigns error as to the first charge in that it did not charge the commission of any specific act constituting the maintenance of a disorderly house, nor state facts sufficient to constitute a violation of any ordinance, and did not inform appellant of the particular act or acts with which he was charged. As to both charges he assigns error in that the evidence was not sufficient to sustain the finding of guilt.

The defendant did not attack the sufficiency of the complaint at any time prior to or during the trial. At the trial the ordinances of the city of Lincoln were admitted in evidence by stipulation. The ordinance here involved is: "Disorderly house—Maintaining. The term 'Disorderly house', as used in this article, shall be deemed to be any room, house, building, structure, and any property kept and used in maintaining the same where unlawful or illegal acts are committed. The owner, lessee or proprietor, of any house, building, or place who collects or permits to be collected therein persons who engage in the drinking of intoxicating liquors, gambling of any nature whatsoever, or any other unlawful act, or who knowingly makes, causes, permits, or suffers to be made therein any loud or improper noise to the annoyance or disturbance of the neigh-

borhood, shall be guilty of a misdemeanor and punishable as hereinafter provided."

The trial court asked the defendant if he understood the stipulations. He replied that he did. The court further said: "According to these stipulations you and the City Attorney have agreed that these ordinances, read by the City Attorney, providing that anyone conducting a place in which violations of law are concerned, is guilty of conducting a disorderly house, and an ordinance providing against and prohibiting the sale of liquor to a minor and prohibiting the employment of a minor for the sale of liquor; these ordinances, according to the stipulations, are in full force and effect and were in full force and effect at all times involved in this case. And you so agree, do you, Mr. Defendant?" And the defendant replied: "I do so agree."

Defendant's argument here is that the complaint failed to set forth the acts which he is alleged to have committed or any unlawful acts committed on the property, and failed to charge any unlawful act. The defendant here treats this action as a civil action, criminal in form, for the recovery of a penalty.

The ordinary rule in civil actions is that if there is a complete failure to state a cause of action, the defect is regarded as a fundamental one which may be raised for the first time in an appellate court, but a pleading will be construed liberally, and if the defect is amendable, it will be held sufficient on appeal in the absence of objection in the trial court. 4 C. J. S., Appeal and Error, § 274, p. 534. The same rule is applicable in criminal proceedings. 24 C. J. S., Criminal Law, § 1671, p. 272.

We do not consider that the complaint here falls in the classification of a complete failure to state a cause of action for the recovery of a penalty. See The City of Greensburgh v. Corwin, 58 Ind. 518. It is obvious that the defendant was not misled and did know the nature of the charge. In the absence of objection in the trial court the complaint must be held sufficient on appeal.

The defendant assigns as error that the evidence is not

sufficient to sustain the finding of guilt. He relies upon the rule stated in the syllabus of Peterson v. State, 79 Neb. 132, 112 N. W. 306, which is as follows: "A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, while in form a criminal prosecution, is, in fact, a civil proceeding to recover a penalty, and clear and satisfactory proof that the offense has been committed is sufficient to sustain a conviction. Proof beyond a reasonable doubt is not required." He argues that there is not clear and satisfactory proof of guilt. In the Peterson case the district court instructed the jury that the burden of proof was upon the state to establish each and all of the material facts charged in the complaint by clear and satisfactory evidence; that the prosecution, while criminal in form, was in fact civil; that it was not necessary for the state to establish the facts charged beyond a reasonable doubt; that the material facts should, however, be clearly and satisfactorily established by a preponderance of the evidence before finding the defendants guilty. Defendants there assigned the instruction as error and insisted that the proceeding was criminal in nature and that evidence beyond a reasonable doubt was necessary. The syllabus above quoted announced the holding on that assignment. The question there was whether or not proof beyond a reasonable doubt was necessary. We held that it was not. Whether or not the state was required to meet a greater burden than it should have was not an issue. However, in Whitney v. Wyatt, 111 Neb. 328, 196 N. W. 322, we held that an instruction in a civil action requiring "clear and affirmative proof" of adverse possession was more than a preponderance of the evidence and was erroneous. It further was held there: "In a civil action a preponderance of the evidence is generally all that is required to sustain the claim of a party." The Peterson case has been cited several times on the proposition that these are civil actions, but not on the question of the evidence necessary to sustain a finding of guilt. These being civil actions, we see no reason

for requiring the state to prove its case by more than a preponderance of the evidence. We so state the rule.

But that is not the measure that is applicable here. This case, a law action, comes here from a judgment of the trial court making findings of fact. The findings of fact of a trial judge in a law action have the force of a verdict and will not be disturbed upon appeal unless clearly wrong. In re Estate of Johnson, 144 Neb. 372, 13 N. W. 2d 412. See 2 Neb. Digest, Appeal and Error, Key No. 1008, p. 509.

Defendant was the owner and operator of a hotel with a liquor license to sell beer at retail. The evidence of the state as to the charge that defendant employed a minor and allowed her to serve intoxicating liquor is as follows: The state produced as a witness the evidence of a married woman, then 17 years of age. She testified that she told defendant she was 20. He employed her to work in his tavern. She testified: "I served beer" to customers. A police officer testified that he saw her serving beer. Defendant states in his brief: "We assume there is no argument but what beer is intoxicating."

The ordinance of the city of Lincoln admitted in evidence provides: "No person under 21 years of age shall be employed by any licensee to sell alcoholic liquor, nor shall any person under 21 years of age be permitted to serve beer whether actually employed by such licensee or not."

As to the charge that defendant operated a disorderly house, the evidence of the state is generally as follows: The woman above-mentioned testified as to having lived in the hotel for a few weeks, and of her relations with the defendant and other men there with his knowledge. Defendant did not take the stand and deny her testimony. Police officers testified as to arrests of men and women made in the hotel, and of things which they observed there, and of violations of ordinances in defendant's hotel.

As to the evidence of the police officers, the defendant complains that some of it was not the best evidence and

other parts hearsay and conclusions based thereon. It was received without objection. In Cotton v. Stolley, 124 Neb. 855, 248 N. W. 384, we stated the rule that "Secondary evidence received without objection is competent proof of fact in issue, even though that which is primary is available." In the body of the opinion we quoted with approval from 2 Jones, Commentaries on Evidence, (2d ed.) §774, p. 1435. "If the opponent is lax and permits secondary evidence to be given when he might have insisted upon the primary evidence or none at all, an appellate court will not come to his assistance." We have also held: "Errors, if any, in receiving incompetent evidence are presumed to have been waived, unless objected to when the evidence is offered." Combs v. Owens Motor Co., 121 Neb. 5, ·235 N. W. 682. Also, "Hearsay evidence tending to prove a material fact, admitted without objection, may sustain a finding of the existence of that fact based solely thereon." Dafoe v. Grantski, 143 Neb. 344, 9 N. W. 2d 488.

Defendant argues that the testimony of the woman witness is unworthy of belief and should be entirely disregarded. As pointed out, her testimony was corroborated. The credibility of witnesses and the weight to be given their testimony is for the triers of fact to determine, and that determination will not be disturbed upon appeal unless clearly wrong. In re Estate of Johnson, *supra.*

We are of the opinion that the findings of fact made by the trial court are not clearly wrong.

The judgment of the trial court is affirmed.

AFFIRMED.