STATE OF NEBRASKA, APPELLEE, v. JACK I. NOVAK, APPELLANT.

45 N. W. 2d 625

Filed January 19, 1951. No. 32831.

*Alfred A. Fiedler* and *M. Robert Fromkin,* for appellant.

*Clarence S. Beck,* Attorney General, *William T. Gleeson,* and *Charles A. Fryzek,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant was convicted in the district court for Douglas County of maintaining a disorderly house in violation of the ordinances of the city of Omaha. A fine of $25 and costs was imposed and the defendant appeals.

The material portion of the complaint filed in the municipal court of the city of Omaha alleged "that Jack Novak on or about the Aug 29 1949, in the County aforesaid and within the incorporate limits of the City of Omaha aforesaid, then and there being, did then and there keep and maintain a Disorderly House at the premises known as 2403 Farnam St, Omaha Douglas County, Nebraska, contrary to the ordinances of the City of Omaha in such cases made and provided, and against the peace and dignity of the State of Nebraska."

In the district court the defendant moved for a bill of particulars which motion was confessed. The bill of particulars filed states that the ordinance which the defendant is alleged to have violated is ordinance No. 14924, section 1, chapter 12, article 23, of the Omaha Municipal Code, as amended by ordinance No. 15631, section 1, paragraph 8, of such code. It further states that the basis of the charge was that defendant at the time of his arrest was operating a bookie establishment, that defendant was then engaged in taking a bet from one Alphonse Brown on a horse race, and that there was found in the establishment at the time the following evidence: Two racing forms dated August 29, 1949, twelve run-down sheets, eleven bet slips, one blue notebook containing records of bets, one scratch pad with race results, one yellow sheet containing records of bets, and the names of three witnesses who would testify for the State at the hearing.

The evidence shows that on August 29, 1949, three policemen entered the Cornhusker Cigar Store situated at 2403 Farnam Street in Omaha and found the defendant conversing with one Alphonse Brown. The

evidence is that defendant was behind the counter and Brown in front. Brown was pointing to a horse designated on a run-down sheet and the defendant was writing in a small notebook which contained records of bets made on designated horses to win, place, or show. There were also introduced in evidence certain exhibits found in the room which were identified as two racing forms bearing the date of August 29, 1949, twelve run-down sheets, eleven bet slips, and one blue notebook containing records of bets. The contents of the exhibits were explained by one of the officers familiar with the methods of bookies in taking bets on horse races. This constituted circumstantial evidence in support of the charge that gambling bets on horse races were being taken in the building described. The evidence of the defendant and Brown is a denial that they were engaged in taking or placing bets on horse races. The evidence, however, is clearly sufficient to sustain the charge.

It is contended by the defendant that the complaint was insufficient to charge an offense for the reason that it failed to set forth the specific act committed or any unlawful acts committed on the property. No objection was made to the form of the complaint in the municipal court. We point out also that the action, though criminal in form, is a civil one for the collection of a penalty. In such cases the general rule is that, unless there is a complete failure to state a cause of action, the complaint will be deemed sufficient on appeal. In the district court a bill of particulars provided the information necessary to apprise the defendant of the specific charge against him and the particular ordinance upon which it was based. It is clear that the defendant understood fully the charge made and he was given a full opportunity to meet it. Under the situation existing the complaint was sufficient to charge the offense upon which the defendant was tried. State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81.

Defendant contends that the ordinance under which the complaint was filed was violative of constitutional provisions. We are unable to give consideration to this point for the reason that the ordinance is not before us. We have repeatedly held that an ordinance must be admitted by the pleadings or offered in evidence if it is to be considered by this court. This court does not take judicial notice of municipal ordinances and a failure to properly present an ordinance that is being attacked precludes our consideration of it here. The rule is properly stated in Steiner v. State, 78 Neb. 147, 110 N. W. 723, wherein we said: "It is true, in Foley v. State, supra, this court held that municipal courts will take judicial notice of the ordinances of the city, and that 'on appeal from a judgment of conviction before a police judge for the violation of a city ordinance the district court will upon a trial de novo take notice of whatever facts the former could have noticed judicially before the removal of the cause.' But a different rule will prevail with respect to this court, where such matters are not triable de novo. This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record." See, also, Maxwell v. Steen, 93 Neb. 29, 139 N. W. 683.

Under the foregoing holdings the district court for Douglas County could take judicial notice of an ordinance of the city of Omaha, but if it took judicial notice of an unconstitutional ordinance it was the duty of the defendant to offer evidence of that fact if the error is to be preserved. Recitals contained in objections or motions purporting to set forth portions of the ordinance do not meet the requirement. Steiner v. State, supra. We cannot indulge in a presumption that the district court erred in this respect; it must be shown by

the record. The presumption of regularity must prevail. Wells v. State, 152 Neb. 668, 42 N. W. 2d 363.

The facts stated in the complaint are presumed to charge an offense under the ordinance where the ordinance is not properly presented in the record. Steiner v. State, *supra;* Wells v. State, *supra.* The validity of the complaint and the ordinance under which it was filed not being subject to attack, and the evidence being sufficient to sustain the offense charged, an affirmance is required.

AFFIRMED.