STATE OF NEBRASKA, APPELLEE, V. LESLIE WARREN, APPELLANT.

76 N. W. 2d 728

Filed May 11, 1956. No. 33919.

*Ernest A. Hubka,* for appellant.

*Frederick W. Carstens,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant was charged in the police magistrate court for the city of Beatrice with violation of an ordinance of the city. He was convicted of the offense with which he was accused. He took an appeal to the district court. The result of a trial in that court was a verdict of guilty and he was adjudged to pay a fine and the costs of the case. His motion for a new trial was denied. He has appealed from the judgment and sentence and he has also filed a petition in error in this court.

The accusation made against appellant, herein called defendant, as stated in the complaint is that he on or about the 3rd day of July 1954, did cause, allow, and permit manure to accumulate on his premises without providing pens, boxes, bins, or other suitable receptacles

therefor, contrary to the provisions of the ordinances of the city of Beatrice. The charge made against defendant is not an offense by any statute of this state. This is a civil proceeding to recover a penalty for the violation of an ordinance. An appeal is the proper procedure to obtain a review in this court of the conviction and sentence of defendant. Wells v. State, 152 Neb. 668, 42 N. W. 2d 363; State v. Renensland, 160 Neb. 206, 69 N. W. 2d 860. The petition in error was improvident and should be dismissed. § 25-1912, R. R. S. 1943; Wells v. State, *supra*.

The defendant at the termination of the evidence of appellee, referred to hereafter as city, by motion asked the district court to dismiss the case for the reason that the complaint did not contain sufficient facts to allege the commission of an offense. The motion was denied. The defendant properly reserved exception to the action of the court and he challenges in this court the adjudication against him on the basis that the ruling of the court was prejudicial to him.

A section of the municipal code of the city contains this relevant provision: "It shall be the duty of all property owners and tenants occupying premises upon which manure of any kind accumulates to provide pens, boxes, bins or other suitable receptacles therefor * * *." The specific alleged defect in the complaint upon which defendant relies is that it does not aver that he owned the premises where it is claimed the offensive material accumulated or that he occupied them. Defendant urges the point that a complaint must contain all facts essential to constitute the violation charged and to connect defendant with the violation, and that a complaint cannot be aided by intendment, inference, or presumption but must positively and explicitly state all the essential elements of the offense. The complaint alleges that defendant did cause and permit manure to accumulate on his premises. This is an adequate charge that defendant was a property owner and that as such he caused

and permitted manure to accumulate thereon, contrary to the provisions of the code. There was no objection made to the complaint until the evidence of the city was concluded at the trial. In such a situation the language will be more tolerantly viewed, if there is not an entire absence of necessary language, than when an early objection is made to the sufficiency of the charge of an offense. There was not a complete failure to charge an essential element of the offense within the ambit of the provisions of the code alluded to above. State v. Novak, 153 Neb. 596, 45 N. W. 2d 625. The complaint informed defendant that he was charged with a violation of the ordinances of the city because he caused and permitted offensive material to accumulate on his property within the city. It is established in the record that defendant has owned and occupied the premises concerned in this litigation since the fall of 1950. The matter complained of did not mislead or prejudice the defendant. His assignment in this respect may not be sustained.

The correctness of instruction No. 5 is disputed by defendant. It consists of a recitation of the substance of what is referred to in the record as Sec. 9-214 of an ordinance of the city which makes it the duty of all property owners occupying premises upon which manure of any kind accumulates to provide suitable receptacles therefor; a statement of the substance of the portion of what is identified in the record as Sec. 9-402 of an ordinance of the city to the effect that animal manure must be so kept as to be securely protected from flies and the elements; and a definition of the word "manure." The defendant says that the statement therein that "The ordinance further provides that animal manure must be so kept to be securely protected from flies and the elements" is not a part of the ordinance under which the complaint was made which is identified by defendant as ordinance 9-214. The part of the instruction quoted above is the substance of what he refers to as ordinance 9-402. He says the court erroneously and prejudicially

charged the jury on a matter as an issue which is not in the complaint or supported by evidence. The record is not definite as to whether or not sections 9-214 and 9-402 are contained in a single ordinance of the city. It was stipulated by the parties "* * * that Sec. 9-214 of the Beatrice municipal code of 1941, being general revision ordinance No. 500 of the city * * * is a city ordinance which was in full force and effect on July 3, 1954 * * *; that Sec. 9-402 of the same code was an ordinance" in force on that date. The district court in the instruction spoke of them as being parts of an identical ordinance. In the first sentence thereof there are the words "an ordinance of the City." Later it is said therein "* * * and further provides that any person violating said ordinance shall be punished * * *." The second part of the instruction quoted above to which specific objection is made contains the expression "The ordinance further provides." The penalty section of the ordinance referred to in the instruction is identified in the record as Sec. 9-701. The court did not submit to the jury as an issue or separate essential element of the offense the part of the instruction quoted above. The conclusion is justified that the sections referred to are parts of the general revision ordinance No. 500 of the city as it appears in the municipal code of 1941 and that the court by the challenged instruction advised the jury of the substance of two sections of the ordinance on the subject of how the undesirable material referred to therein should be cared for and handled within the city of Beatrice. There was inserted in the complaint "Ord 9-214 and 9-402" between the words "other suitable receptacles therefor" and "contrary to the Provisions of the Ordinances of the City." Defendant stipulated sections of an ordinance identified by these numbers in evidence on the trial of the case. This indicates he understood that the complaint was based upon and the prosecution was had for a violation of sections 9-214 and 9-402 of an ordinance. A municipal court may take

judicial notice of the ordinances of a city. The district court, on appeal of a conviction in a municipal court of a violation of an ordinance, will take judicial notice of the facts the latter could have noticed judicially before removal of the case to the district court. The judgment of the district court in such a case is on appeal to this court accorded the usual presumptions of regularity. Wells v. State, *supra;* State v. Novak, *supra.*

The definition of the word "manure" contained in the instructions is objected to by defendant as incorrect and improper. However, it is substantially the same in meaning as the one quoted by defendant in his brief from Webster's New International Dictionary. In Keyes & Watkins Livery Co. v. Freber, 102 Mo. App. 315, 76 S. W. 698, it is said: "The manure was the subject-matter of the contract. It is described in the contract as 'all manure that may accumulate there (at the plaintiff's stable) every day.' Nothing is said about any foreign mixture, but it is a matter of common knowledge that manure accumulated in stables does become mixed with the material used to bed the animals and the mixture is universally denominated manure. The word has no technical meaning, nor has it acquired a commercial one differing from its ordinary one. Manure is a common article, well known to all mankind, and hence an ambiguity can not arise from the use of the term."

The trial court advised the jury that the essential elements of the charge against defendant which the city was required to prove beyond a reasonable doubt before the defendant could be found guilty were that he in the city of Beatrice on or about July 3, 1954, caused and permitted manure to accumulate on his premises and that it was not contained in pens, boxes, bins, or other suitable receptacles. The charge then said that if the state had established both of them beyond a reasonable doubt it was the duty of the jury to find the defendant guilty, but "if you have a reasonable doubt as to the truth of said propositions or either of them, or if you

find that the State has failed to establish said propositions or either of them by evidence beyond a reasonable doubt, then in that case it would be your duty to find the defendant not guilty of said. offense." Defendant assails the statement above quoted. This court has condemned similar statements in instructions. Flege v. State, 93 Neb. 610, 142 N. W. 276, 47 L. R. A. N. S. 1106; Hayward v. State, 97 .Neb.. 9, 149 N. W. 105. It may not .be considered· prejudicial in this case. The city was required to prove the charge made against the defendant .by only a preponderance of the evidence. State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81; Wells v. State, supra; State v. Renensland, supra. The defendant may not complain that. the district court required the city to satisfy the jury of the truth of the charge made by the evidence beyond a reasonable doubt. He had the benefit of it.

It is argued by defendant that the ordinance does not require that manure on premises in the city be placed in a suitable container and that the assumption in the charge that it does is wrong. The ordinance is clear that any property owner of premises occupied by him in the city upon which manure accumulates must put it in a suitable receptable securely protecting it from flies and the elements and dispose of it in a manner satisfactory to the board of health.

The city produced positive and substantial evidence that manure accumulated on the premises in the city owned and occupied by defendant; that it remained there for a considerable time; that it caused annoyance and discomfort to persons living near the premises; that defendant `persistently refused to remove it when he was requested and demanded to do so by authorities of the city, including the members of the board of health; and that the offensive, noxious material was not placed in any container or receptacle. The defendant testified that there was no accumulation of the offensive material on his premises that was not placed in

a metal container which was confined in a closed bin expressly constructed and maintained for that purpose; that the container when filled was transported to a farm near but outside the city and emptied; that defendant did not at any time place, deposit, or leave any of the offensive material at the place on his premises described by the witnesses for the city; and that there was not any manure there. The defendant produced much and substantial corroboration to support his version of the matter. The evidence relative to the issues of the case is sharply conflicting. The credibility of witnesses and the weight of evidence are for the jury to determine in a prosecution for a violation of a city ordinance and the verdict of the jury may not be disturbed by this court unless it is clearly wrong. Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701; Sall v. State, 157 Neb. 688, 61 N. W. 2d 256. The evidence supports the verdict. It is not clearly wrong.

The petition in error filed in this court should be and it is dismissed. The sentence and judgment of the district court should be and they are affirmed.

AFFIRMED. PETITION IN ERROR DISMISSED.