STATE OF NEBRASKA, APPELLEE, v. ADOLPH HOHENSEE, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. DONALD SMITH, APPELLANT.

82 N. W. 2d 554

Filed April 26, 1957. Nos. 34086 and 34087.

*Louis T. Carnazzo* and *C. H. Morris,* for appellants.

*Edward F. Fogarty, Bernard E. Vinardi, Neal H. Hilmes, Irving B. Epstein,* and *Charles A. Fryzek,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendants were charged in separate complaints with a violation of a city ordinance of the city of Omaha which prohibited the solicitation or collection of money or contributions without first filing a written statement with the superintendent of the board of public welfare stating the purposes for which money or contributions are to be solicited or collected. The jury returned a verdict of guilty on each complaint. The trial court imposed a fine of $200 on the defendant Hohensee and of $100 on the defendant Smith. Each defendant has filed a separate appeal.

These two cases were tried together in the district court by agreement of the parties. They were also consolidated on appeal by stipulation of the parties.

The State called as witnesses two members of the police department and a deputy license inspector. Two were present on June 27 and all were present at the Rome Hotel in Omaha on June 28, 1955, when the defendant Hohensee delivered lectures on nutritional science. Their evidence shows that during the course of these lectures the defendant Hohensee with the assistance of the defendant Smith caused small envelopes to be passed out to those in attendance with the explanation that all persons who placed one dollar or more in the envelope would receive a subscription to Life Span, a magazine written and prepared by Hohensee. The evidence of these witnesses further shows that Hohensee stated that any amounts less than one dollar placed in the envelopes would be used to further the

cause but would not entitle the donor to the magazine. The evidence shows further that a written statement was not filed with the board of public welfare, a fact not disputed by the defendants.

The evidence of the defendants is that the money collected was solely for subscriptions to the Life Span magazine and that no funds were solicited or received for any other purpose. The defendants deny that any statement was made regarding any amount less than one dollar.

The evidence clearly raises an issue of fact for determination by a jury. Since it was sufficient to sustain the verdict at which the jury arrived, the assignment of error that the evidence was insufficient to sustain the verdict is without merit.

It is contended by the defendants that the complaints filed against them do not state an offense in that they do not negative an exception contained in the ordinance under which the complaints were drawn. The ordinance was not offered in evidence and it does not otherwise appear in the record. The action, though criminal in form, is a civil one for the collection of a penalty. For this court to consider the sufficiency of a complaint filed pursuant to a city ordinance, the ordinance must be admitted by the pleadings or offered in evidence. This court does not take judicial notice of municipal ordinances and a failure to properly present an ordinance when the sufficiency of the complaint is questioned precludes our consideration of the sufficiency of the complaint. Steiner v. State, 78 Neb. 147, 110 N. W. 723; Maxwell v. Steen, 93 Neb. 29, 139 N. W. 683; State v. Novak, 153 Neb. 596, 45 N. W. 2d 625. Under the foregoing holdings the district court for Douglas County could properly take judicial notice of the applicable ordinance in a trial of the case de novo. This court, in reviewing the case on appeal, when the ordinance is not properly before us, will not presume error on the part of the district court. It must be shown from the record.

In such a situation the presumption of regularity must prevail. Wells v. State, 152 Neb. 668, 42 N. W. 2d 363; State v. Novak, *supra*. It is the rule also that a complaint based on the violation of a city ordinance will be deemed sufficient on appeal, except in case of a complete failure to state a cause of action. State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81. The facts stated in the complaint are presumed to charge an offense under the ordinance when the ordinance is not properly presented in the record. We fail to find any reason to say that there was a complete failure to state a cause of action. We conclude that the sufficiency of the complaint is not subject to attack.

A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, while in form a criminal proceeding, is, in fact, a civil proceeding to recover a penalty, and a preponderance of the evidence is all that is required to sustain a conviction. State v. Neimer, *supra*. The evidence, though conflicting, is sufficient to sustain the verdict of the jury. As to the defendant Smith, the evidence shows that he was a paid assistant of the defendant Hohensee. The jury could properly find that he aided and abetted the defendant Hohensee, and consequently be held to have violated the ordinance as charged. An affirmance of each conviction is therefore required.

AFFIRMED.