STATE OF NEBRASKA, APPELLEE, v. LAWRENCE SATOR,
APPELLANT.

230 N. W. 2d 224

Filed June 12, 1975. No. 39820.

Dean E. Erickson, for appellant.

David V. Chebatoris of Clements & Svoboda, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Defendant was charged and convicted in the county

court of Cass County, Nebraska, of improperly parking a trailer house in violation of ordinance No. 56 of the Village of Murdock, Nebraska, and was fined $25 and costs. He thereafter appealed his conviction to the District Court for Cass County, Nebraska, and in connection with his appeal filed a motion to quash further proceedings, alleging that the municipal ordinance under which he was convicted was illegal and unconstitutional under both the federal and state Constitutions. Defendant's motion to quash was thereafter argued and overruled, and the case set for trial de novo on the record at a subsequent date. Counsel did not appear for trial at the appointed date, whereupon the court affirmed the judgment of the county court of Cass County upon the evidence and the record, and ordered the defendant to pay a fine of $25 and costs. Defendant's motion for a new trial was subsequently overruled, and defendant now appeals to this court. We affirm.

There is only one assignment of error set forth in defendant's brief, which is that the court erred in its findings that the ordinance in question was not in violation of the statutes of the State of Nebraska and of the Constitution of the State of Nebraska and the Constitution of the United States. Unfortunately, however, the ordinance assailed as illegal and unconstitutional in this appeal was never introduced in evidence in either the county court or the District Court, although it appears that the county judge may have had a copy of the ordinance before him during the trial. In any event, it is not a part of the record in this case, and the only place where it may be found is in the brief of the defendant, where it is partially summarized and partially quoted. We do not believe the ordinance is properly before us for consideration, and we decline to pass upon the contentions of the defendant raised in this appeal.

It is the general rule that an appellate court ordinarily does not take judicial notice of a municipal ordinance that does not appear in the record on appeal.

5 Am. Jur. 2d, Appeal and Error, § 741, p. 186. This court has repeatedly so ruled. In State v. Novak, 153 Neb. 596, 45 N. W. 2d 625 (1951), this court stated: "This court does not take judicial notice of municipal ordinances and a failure to properly present an ordinance that is being attacked precludes our consideration of it here. The rule is properly stated in Steiner v. State, 78 Neb. 147, 110 N. W. 723, wherein we said: 'It is true, in Foley v. State, supra, this court held that municipal courts will take judicial notice of the ordinances of the city, and that "on appeal from a judgment of conviction before a police judge for the violation of a city ordinance the district court will upon a trial de novo take notice of whatever facts the former could have noticed judicially before the removal of the cause." But a different rule will prevail with respect to this court, where such matters are not triable de novo. This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record.' See, also, Maxwell v. Steen, 93 Neb. 29, 139 N. W. 683." Likewise, in State v. Hohensee, 164 Neb. 476, 82 N. W. 2d 554 (1957), we held that on appeal to the Supreme Court from a judgment of the District Court convicting a defendant of a violation of a city ordinance, the same being a review of the proceedings and not a trial de novo, the existence of a valid ordinance creating the offense charged will be presumed where the ordinance is not properly set forth in the record. To the same effect, see, State v. Warren, 162 Neb. 623, 76 N. W. 2d 728 (1956); Wells v. State, 152 Neb. 668, 42 N. W. 2d 363 (1950); Steiner v. State, 78 Neb. 147, 110 N. W. 723 (1907); Foley v. State, 42 Neb. 233, 60 N. W. 574 (1894).

In view of the above-quoted authorities, and because of the absence of the ordinance in question from the

record in this case, we must presume that the defendant was properly convicted under a valid ordinance, and that the judgment and sentence of the District Court must be affirmed.

AFFIRMED.